IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:05CR3001-1 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| MARCO ALLEN CONEY, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report and addendum in this case, the government's objection, and the defendant's objections and departure motion.

IT IS ORDERED that:

(1)     The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)     The objection (filing 150) of the government to the presentence report as being "outside the plea agreement" is denied.  A similar objection submitted by the defendant (filing 151) is also denied.  The mere fact that the parties have signed a Rule

11(c)(1)(C) plea agreement that calls for a sentence different than that produced by a correct application of the advisory Guidelines does not create a valid objection to an otherwise properly determined Guidelines calculation.  With the exception noted in paragraph 2, the parties have pointed out no valid objections to the presentence report.

(3)     The objection of the defendant to the PSR (filing 151) to a 2-level enhancement for possession of gun is sustained for the reason that the government has represented (in the case of the co-defendant) that the most readily provable offense conduct shows that Courtney Coney possessed the weapon and Marco Coney was unaware of its existence.

(4)     The correct Guidelines calculation is thus total offense level 29 and criminal history category V providing for a range of imprisonment of 140 to 175 months in prison.

(5)     The defendant's motion for departure (filing 151) is denied because there is no basis for departure using standard pre-<u>Booker</u> departure theory.

(6)     The defendant's motion for variance (filing 151) is granted and the court will impose a sentence of 121 months called for under the plea agreement.

(7)     The reason for the variance granted in the proceeding paragraph is this:

> Considering the statutory goals of sentencing outside the realm of the Guidelines, and recognizing that the Rule 11(c)(1)(C) plea agreement calls for a sentence 19 months less than that provided by the low end of the advisory Guidelines, and further recognizing that the plea agreement is part of a tacit "global settlement" with other co-defendants, I will vary from the advisory Guidelines and impose a sentence of 121 months because the defendant's plea agreement was based upon a good faith, but mistaken, Guidelines calculation (regarding criminal history), the difference between the bargained-for sentence and low end

of the advisory Guidelines will not create an intolerable sentencing disparity, and a trial might result in the unfortunate acquittal of one or more guilty defendants unless the tacit "global settlement" is enforced. See United States v. Coney, --- F. Supp.2d ----, 2005 WL 2160023 (D. Neb. Sept. 8, 2005) (explaining a similar variance for one of the co-defendants).

(8)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(9)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(10)     Absent submission of the information required by paragraph 9 of this order, my tentative findings may become final.

(11)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

October 12, 2005.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge